JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3068 PA (SKx) | Date | May 12, 2022 |
|---|---|---|---|
| Title | Laisha G. Garcia Ramirez, et al. v. Ford Motor Company, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman (video) | Laura Elias (video) |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Gregory Sogoyan (video) | Rachel Kashani (telephone) |

**Proceedings:** STATUS CONFERENCE by ZOOM

Court and counsel confer concerning the Notice of Removal filed by defendant Ford Motor Company ("Defendant"). (Docket No. 1.) Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). On May 10, 2022, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to sufficiently demonstrate that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The Ninth Circuit has made clear that a "notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021) (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920 (9th Cir. 2019)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3068 PA (SKx) | Date | May 12, 2022 |
|---|---|---|---|
| Title | Laisha G. Garcia Ramirez, et al. v. Ford Motor Company, et al. | | |

Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of each of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The Notice of Removal alleges: "At the time Plaintiffs' Complaint was filed, and at the time of this Notice of Removal, Defendant Ford Motor Company, is, and was, [a] limited liability company organized under Delaware law with its principal place of business in Michigan." (Notice of Removal ¶ 16.) As a limited liability company, Defendant's citizenship is determined by the citizenship of its members, which Defendant has not alleged. As a result, Defendant has not plausibly alleged its own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal.").[1] By failing to plausibly

---

[1] Defendant routinely asserts in "Lemon Law" cases that it is a limited liability company in notices of removal filed in this district. In this Court alone during the last twelve months Ford has made that contention in four cases, including Valencia v. Ford (CV 21-6717), LaForce v. Ford (CV 22-1531), Jimenez v. Ford (CV 22-1197), and Flaherty v. Ford (CV 22-16). The Court also identified forty-six other actions within this district with the same allegation. See Chavez v. Ford (CV 20-7091), Rios v. Ford (CV 20-7101), Rivera v. Ford (CV 20-7472), Boudrie v. Ford (CV 20-7502), Astudillo-Bautista v. Ford (CV 20-7618), Valencia v. Ford (CV 20-7648), Villaron v. Ford (CV 20-8580), Jauregui v. Ford (CV 20-9304), Gabay v. Ford (CV 20-9499), Rangel v. Ford (CV 20-11440), Alvarez v. Ford (CV 21-2559), Arakelian v. Ford (CV 21-2735), Rivera v. Ford (CV 21-3876), Bowden v. Ford (CV 21-6286), Valencia v. Ford (CV 21-6717), Bonilla v. Ford (CV 21-6983), Fuentes v. Ford (CV 21-8145), Harris v. Ford (CV 21-8842), Guven v. Ford (CV 21-8982), Smith v. Ford (CV 21-9360), Torres v. Ford (CV 21-9434), Huitzil v. Ford (CV 21-9826), Alvarado v. Ford (CV 21-9970), Flaherty v. Ford (CV 22-16), Garcia v. Ford, (CV 22-428), Fuentes v. Ford (CV 22-430), Zapata v. Ford (CV 22-968), Moisa v. Ford (CV 22-1030), Jimenez v. Ford (CV 22-1197), Soliman v. Ford (CV 22-1240), Vega v. Ford (CV 22-1392), Cuevas v. Ford (CV 22-1520), Laforce v. Ford (CV 22-1531), Arnet v. Ford (CV 22-1798), Diaz v. Ford (CV 22-2849), Ramirez v. Ford (CV 22-3068), Diaz v. Ford (ED CV 20-1478), Karr v. Ford (ED CV 20-2121), Jones v. Ford (ED CV 20-2141), Sauceda v. Ford (ED CV 20-2153), Verdin v. Ford (ED CV 20-2254), Powers v. Ford (ED CV 20-2450), Estrada v. Ford (SA CV 20-1342), Catalano v. Ford

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3068 PA (SKx) | Date | May 12, 2022 |
|---|---|---|---|
| Title | Laisha G. Garcia Ramirez, et al. v. Ford Motor Company, et al. | | |

allege Defendant's citizenship, Defendant has failed to establish this Court's diversity jurisdiction.

    At the status conference, the Court afforded Defendant an opportunity to present additional facts and argument to plausibly establish its citizenship allegation.  See Arias v. Residence Inn by Marriott, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").  Defendant failed to proffer additional facts or argument establishing the citizenship of Defendant's members.  Plaintiffs' counsel moved for the Court to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal.  Based on Defendant's failure to satisfy its burden to adequately allege a basis for the Court's subject matter jurisdiction, the Court grants Plaintiffs' Motion to Remand.  Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case Number 22STCV11792, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.

|  | : | 10 |
|---|---|---|
| Initials of Preparer | | kss |

---

(SA CV 20-1553), Cappuccio v. Ford (SA CV 20-1559), Wilner v. Ford (SA CV 20-1688), Sanhueza v. Ford (SA CV 20-2036), Moransanteliz v. Ford (SA CV 20-2210), Vargas v. Ford (SA CV 20-2249), Dapra v. Ford (SA CV 21-1162).